UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIMAN-THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN LUIS OBISPO CORRECTIONAL DEPARTMENT, et al.,<br><br>　　　　Defendants. | NO. CV 17-4967-RGK (AGR)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT RECOMMEND DENIAL OF REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES |

For the reasons set forth below, the court orders Plaintiff to show cause on or before **August 10, 2017,** why this court should not recommend denial of his request to proceed without prepayment of filing fees.

On July 6, 2017, Plaintiff, who is proceeding *pro se,* filed a civil rights complaint along with a Request to Proceed in forma pauperis ("IFP Request").

The Plaintiff's name is Joshua Neiman Thomas.[1] However, the complaint contains one claim that a person named "Murmur," "suffered an unconstitutional deprivation of his rights." (Compl. at 2.) The complaint alleges that Murmur was terminated from his position as art teacher for, among other things, "'the way he

---

[1] The complaint also listed Armando Lopez, but Lopez's name is struck out by hand in the caption. Only Plaintiff Neiman-Thomas signed the complaint.

does his art,' for 'appearance and behavior [,,, that] is vulgar, [...] is conduct unbecoming of a teacher, and [...] has caused disruption in the school.'" (*Id.*)

The prayer for relief states that "Plaintiff, Stephen Murmur" requests declaratory relief and equitable relief regarding unconstitutional employment practices, damages, attorneys fees and costs. (*Id.* at 3.)

## I.
## **PLAINTIFF MAY SUE ONLY ON HIS OWN BEHALF**

The complaint seeks relief for constitutional violations suffered by Stephen Murmur. Plaintiff, however, is not Stephen Murmur.

"Any person representing himself or herself in a case without an attorney must appear *pro se* for such purpose. That representation may not be delegated to any other person – even a spouse, relative, or co-party in the case." Local Rule 83-2.2.1; *see C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

Accordingly, if Plaintiff decides to proceed with this case, he must allege claims only on his own behalf and cannot allege claims on behalf of Stephen Murmur or anyone else.

## II.
## **ALLEGATIONS THAT MAY PERTAIN TO PLAINTIFF**

Although the complaint does not expressly state any claim on behalf of Plaintiff, the only allegation in the complaint that may refer to Plaintiff states:

> Plaintiff[] brings this action resulting from damages incurred due to unlawful seizure and detention from the County of San Luis Obispo, San Luis Obispo Sheriff's Department, Grover Beach Police Department and Mendocino County Correctional Department on or about June 18th 2015 and December 2016, respectively.

(*Id.* at 2.) The caption names the following as Defendants: San Luis Obispo

Correctional Department, Grover Beach Police Department, Detective Reggio Bio, Detective Angelo Limon,[2] Deputy James Elmore and Community Bail Bonds. (*Id.* at 1.)

If Plaintiff seeks to claim false arrest and false imprisonment, he must allege facts sufficient to show the absence of probable cause to arrest him and detain him for trial. *See Wige v. City of Los Angeles,* 713 F.3d 1183, 1185 (9th Cir. 2013). The complaint does not allege any facts showing the absence of probable cause. The complaint does not contain any facts indicating the charges on which he was arrested or detained, the circumstances of his arrest or detention, or what each named defendant did or did not do in connection with the arrest or detention.

The Court cautions Plaintiff that any false arrest or false imprisonment claim may be barred, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), if he was convicted and that conviction has not been overturned. *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1190 (9th Cir. 2015) (*Heck* bars claim of unreasonable seizure by police); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (*Heck* bars claims of false arrest and false imprisonment until conviction invalidated).

Defendant Community Bail Bonds appears to be a private actor and not a state actor subject to § 1983 suit. In general, private parties are not state actors. *Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir. 1991); *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."). "A private [actor] may be liable under § 1983 if [it] conspired or entered joint action with a state actor.'" *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir.

---

[2] Although the complaint is silent as to Limon's occupation or title, Plaintiff identifies him as a "Det[ective]" on the Certification And Notice Of Interested Parties filed with the complaint.

3

2010) (citation omitted). To allege conspiracy in a § 1983 case, a plaintiff must allege "'an agreement or meeting of the minds' to violate constitutional rights." *Id.* (citation omitted). The complaint alleges no such conspiracy.

## V.
## **ORDER**

For the foregoing reasons, IT IS ORDERED THAT Plaintiff shall show cause in writing, on or before ***August 10, 2017***, why the court should not recommend that the request to proceed without prepayment of fees be denied.

Instead of filing a response to this order to show cause, Plaintiff may file a First Amended Complaint that cures the deficiencies identified in this order. If Plaintiff chooses to file a First Amended Complaint, it must be filed no later than ***August 10, 2017***; bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself, without reference to the original complaint, or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form. Plaintiff is free to attach additional pages to the form.

If Plaintiff fails to file a response to this order to show cause or a First Amended Complaint on or before ***August 10, 2017***, this court may recommend that his request to proceed without prepayment of fees be denied.

DATED: July 10, 2017  _____

ALICIA G. ROSENBERG
United States Magistrate Judge